# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7625 | **DATE** | May 22, 2003 |
| **CASE TITLE** | Hindert      v      Deloitte & Touche | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Hearing

(5) ☐ Status hearing

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Memorandum opinion and order entered.
Plaintiff's motion to stay and compel arbitration  is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | |
| X | Notices mailed by judge's staff. | | MAY 2 7 2003 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |

GDS    courtroom deputy's initials

ED-7
FILED FOR DOCKETING,

03 MAY 23  AM 9: 58

Date/time received in
central Clerk's Office

mail deputy initials

Document Number

12

U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EARLY PRICE PRITCHETT, III, individually )
and/or as successor/assignee of Pritchett & )
Associates, Inc., )
) No.    02 C 7624
Plaintiff, )
) Judge Robert W. Gettleman
v. )
)
DELOITTE AND TOUCHE, LLP, )
CHRISTOPHER P. MASSEY, ERIK R. WATTS, )
JEFFERIES & COMPANY, JEFFREY )
WEINHUFF, GIBSON, DUNN & CRUTCHER, )
LLC, WALTER L. SCHINDLER, and MERRILL )
LYNCH & CO., )
)
Defendants. )
)
PATRICK J. HINDERT, individually and/or as )
successor/assignee of Hindert & Associates, Inc., )
)
Plaintiff, )
) No. 02 C 7625
v. )
) Judge Robert W. Gettleman
DELOITTE AND TOUCHE, LLP, )
CHRISTOPHER P. MASSEY, ERIK R. WATTS, )
JEFFERIES & COMPANY, JEFFREY )
WEINHUFF, GIBSON, DUNN & CRUTCHER, )
LLC, WALTER L. SCHINDLER, and MERRILL )
LYNCH & CO., )
)
Defendants. )
)

DOCKETED

MAY 2 7 2003



RODNEY L. MCDERMOTT,                          )
                                              )
        Plaintiff,                            )
                                              )
                                              )      No. 02 C 7626
v.                                            )
                                              )      Judge Robert W. Gettleman
                                              )
DELOITTE AND TOUCHE, LLP,                     )
CHRISTOPHER P. MASSEY, ERIK R. WATTS,         )
JEFFERIES & COMPANY, JEFFREY                  )
WEINHUFF, GIBSON, DUNN & CRUTCHER,            )
LLC, WALTER L. SCHINDLER, and MERRILL         )
LYNCH & CO.,                                  )
                                              )
        Defendants.                           )
_____      )
                                              )
BARRY KEYES, individually and/or as successor/ )
assignee of FDSI Logistics, Inc.,             )
                                              )
        Plaintiff,                            )
                                              )      No.    02 C 7627
v.                                            )
                                              )      Judge Robert W. Gettleman
                                              )
DELOITTE AND TOUCHE, LLP,                     )
CHRISTOPHER P. MASSEY, ERIK R. WATTS,         )
JEFFERIES & COMPANY, JEFFREY                  )
WEINHUFF, GIBSON, DUNN & CRUTCHER,            )
LLC, WALTER L. SCHINDLER, and MERRILL         )
LYNCH & CO.,                                  )
                                              )
        Defendants.                           )
_____      )

DOCKETED

MAY 2 7 2003

## MEMORANDUM OPINION AND ORDER

In these related actions, plaintiffs have filed separate lawsuits alleging that they were

fraudulently induced to sell their companies as part of a large "roll-up" into a newly created company

called EPS Solutions Corp. ("EPS"). A detailed description of the alleged scheme to defraud and

each defendant's alleged participation in it can be found in the court's opinion in a related case,

2

<u>Hoffman v. Deloitte and Touche</u>, 143 F. Supp.2d 995 (N.D. Ill. 2001). Concurrent with the filing

of the instant actions, plaintiffs also filed written demands for arbitration with their hand-picked

arbitrator, Richard Neville, purportedly in accordance with "modified" arbitration agreements

entered into between plaintiffs and EPS. All defendants have moved to stay or dismiss the instant

actions, and/or to compel arbitration pursuant to the original arbitration agreements contained in the

"roll-up" agreements. For the reasons set forth below, plaintiffs' motions are denied and the

defendants' motions are granted.

## **Background**

Plaintiffs in these four cases are former roll-up company owners and/or revenue producers

of those roll-up companies. Each company owner entered into either a Stock Purchase Agreement

or an Asset Purchase Agreement (the "Purchase Agreements") with EPS. Each Purchase Agreement

contained an arbitration provision that provides:

> any controversy or claim arising out of or relating to this Agreement shall be solely
> and finally settled by arbitration administered by the American Arbitration
> Association ("AAA") . . ..

Each plaintiff revenue producer entered into separate agreements with EPS, including a

Stockholder Agreement, a Restricted Stock Purchase Agreement, and an Employment Agreement.

Each of these agreements contain similar arbitration provisions.

In <u>Hoffman</u>, the plaintiffs were former roll-up companies and their owners who alleged that

the defendants (Deloitte and Touche, Jefferies, Massey and Watts) were engaged in the same wide-

spread scheme to defraud as alleged in the instant cases. The Purchase Agreement in <u>Hoffman</u>

contained an arbitration clause identical to the original arbitration clauses contained in the Purchase

Agreements in the instant actions. The <u>Hoffman</u> defendants all moved to compel arbitration despite

3

not being signatories to the agreements containing the arbitration clauses. Because the plaintiffs' claims: (1) all made reference to and presumed the existence of written sales agreements; and (2) all raised allegations of substantially interdependent and concerted misconduct by both the non-signatories and one or more signatories to the contract, the court concluded that the plaintiffs were equitably estopped from avoiding arbitration with all of the defendants. Hoffman, 143 F. Supp.2d at 1004-05.

In Lee v. Deloitte and Touche, 2002 WL 31433421 (N.D. Ill. 2002), the plaintiffs were again all former roll-up companies and/or revenue producers of those roll-up companies who made the same allegations as the plaintiffs in the instant case. Recognizing that the reasoning in Hoffman would apply with equal force in Lee (and its companion cases)[1] the plaintiffs and EPS executed purported "modifications" to the arbitration clauses contained in the original agreements. The "modifications," which appear to be the same modifications as in the instant cases, clearly favored the plaintiffs and EPS over the defendants. Id. at *1. This court concluded that the modifications were invalid because the plaintiffs knew at the time that they filed suit that the court had already determined that the defendants had a right to assert the arbitration clauses in the agreements that formed the basis of the plaintiffs' complaints. Id. at *2. Thus the plaintiffs knew that the defendants had already justifiably acted in reliance on the arbitration clauses in the original agreements, leaving the court to conclude that to allow the plaintiffs to negate that reliance by a subsequent modification would be unjust. Id.

---

[1]Cheung v. Deloitte and Touche, 02 C 3088; Shoecraft v. Deloitte and Touche, 02 C 3089; Arias v. Deloitte and Touche, 02 C 3090; O'Brien v. Deloitte and Touche, 02 C 3091, and McLernon v. Deloitte and Touche, 02 C 4505.

Plaintiffs argue that Lee is inapposite, because unlike in Lee, the instant plaintiffs "modified" the original agreements prior to filing suit and, thus, prior to defendants asserting any rights under the original agreements, thereby negating any justifiable reliance.

There are a number or problems with this argument. First, as defendants point out, plaintiffs all allege that they are parties to the Lee and Arias putative class actions which had already been ordered to arbitration prior to the filing of the instant actions. Additionally, although it is theoretically possible (but not likely) that plaintiffs executed the "modifications" to the original arbitration agreements without knowledge that defendants had asserted their rights under those agreements, it is not possible for EPS to have done so. EPS has known of defendants' position and demand to arbitrate all claims arising out of the roll-ups since at least June 2001 when the court issued its opinion in Hoffman. Therefore, EPS knew, at the time that it entered into the modifications, that this court had already determined that defendants have a right to assert the arbitration clauses in the original agreements that form the basis of the instant plaintiffs' complaints. Indeed, it is obvious that the subsequent "modifications" are designed to avoid this court's rulings in Hoffman and Lee. Accordingly, the court concludes, as it did in Lee, that the "modifications" are invalid and that defendants have a right to arbitrate under the arbitration clauses as set forth in the original purchase agreements.

Moreover, even if the "modifications" were validly executed, there is a more fundamental problem with plaintiffs' position that they can compel defendants to arbitrate pursuant to those modifications. In Hoffman, this court held that the defendants, although non-signatories, could enforce the arbitration agreements against the plaintiffs who were signatories. This court has never held that an arbitration agreement can be enforced against non-signatories, and it is aware of no cases

5

so holding. Any theory based on a claim that defendants, as agents of EPS, can be compelled to arbitrate based on their principal's (EPS's) agreement has been rejected. See Proshred Holdings, Ltd. v. Conestoga Document and Product Destruction Inc., 2002 WL 1067328 (N.D. Ill. 2002). Finally, even if plaintiffs could rely on an agency theory, any agency relationship between defendants and EPS had obviously terminated prior to the attempted modification. EPS filed suit against defendants in November 2000, alleging the same fraudulent conduct as set forth in the instant cases. EPS Solutions Corp. v. Deloitte and Touche, 00 C 7411. Therefore, plaintiffs cannot establish any agreement by defendants to arbitrate under the modified agreements.

## Conclusion

For the reasons set forth above, plaintiffs' motions to compel arbitration are denied, and defendants' motions to stay and compel arbitration are granted. The above-captioned actions are stayed, and the parties are ordered to proceed to arbitration under the terms of the original agreements.

**ENTER: May 22, 2003**

Robert W. Gettleman
United States District Judge